No. 3771.—GUSTAVE S. ROUSSEAU et als. *v.* SHADIE ANN GAYARRE and Husband.

The sheriff who serves any process or citation on a defendant is required to make a return on the original paper of the manner of such service. If he has made an error in making his return, and detects it before he files the paper in court, it is his duty to correct the mistake and make a return in conformity with the facts.

A service of citation at the domicile of the defendant is good if it be served upon a free per-son above the age of fourteen years, who resides at the domicile; and if the defendant resides on a plantation, then by the word domicile is meant any house or place of resi-dence situated on the plantation which is occupied as a residence, so that the service is good if made on a person of proper age who resides in another house than that of the defendant; nor need such person be actually inside of the house of the defendant at the time of the service; it is sufficient if he or she resides at the domicile.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey,* J. *Barrow & Pope,* for plaintiff and appellee. *A. & E. B. Talbot,* for defendant and appellant.

WYLY, J. On the twenty-ninth March, 1866, the plaintiffs bought from Pierre C. Riccard and his mother the tract of land described in the petition, it being then incumbered with a judicial mortgage in favor of the defendant, Mrs. Gayarre.

They now seek to remove that mortgage on the ground that the judgment from which it resulted was illegal, because:

*First*—That said defendants, P. C. Riccard and mother, Genevieve Belly, were never legally cited or served with copies of the petition in said suit, there being but one petition and citation pretended to be served by the sheriff.

*Second*—That said copy of citation and petition was not served at the domicile of said defendant, or on a person living in the house.

*Third*—Nor were copies of the citation and petition left at the usual place of domicile or residence of defendants in said suit, they being ab-sent, by delivering them to a person apparently above the age of four-teen years, living in the house.

*Fourth*—That the sheriff's returns are not made according to law, in not showing where the domicile or house inhabited by said defendant is situated. That G. C. Grabert, on whom service was pretended to be made by the sheriff of citation and petition, did not reside at the

domicile of said defendants—so stated on his return—and was not living in the house of said defendant, but lived elsewhere ; and said citation and petition were delivered to said Grabert by said sheriff, on the public road, and said return is false in these two particulars as well as in the statement that said defendants were absent from their domicile at the time; and said parties were never legally cited.

They further allege that between the latter part of February and the ninth of April, 1870, said sheriff's return was fraudulently and illegally altered by some one unknown to petitioners, in material and substantial words. Said return in the original was in the singular number, as follows :

" Served a true copy of the within citation, together with certified copy of petition annexed, on J. C. Grabert. * * * Whereas it has been altered to read in the plural number, the article 'a' being erased or scratched; and the word 'copy' altered to read 'copies' in both instances."

The defendant, Mrs. Gayarre, denied generally the allegations of the petition, and specially the allegation that the sheriff's return in her case against Riccard and mother had been fraudulently altered as alleged. Riccard and his mother, who were also made parties by the plaintiffs, answered by general denial. They admitted, however, that Mrs. Gayarre had judgment against them as set forth in the plaintiff's petition ; that " said judgment was for a debt justly due, and that these defendants were served with the citations in the case, and admit the legality and binding effect of said judgment against them." The court gave judgment first for the defendant, Mrs. Gayarre, but granted a new trial and finally gave judgment for the plaintiffs', annulling the judgment complained of, and ordering the mortgage resulting therefrom to be canceled. The defendant, Mrs. Gayarre, has appealed. The attempt to show that the sheriff's return was improperly altered, as alleged, is a failure. The interlineation was made, according to the positive declarations of the sheriff, who testified as a witness, before his return was filed, on the suggestion of the counsel for Mrs. Gayarre ; and he swears that it conforms to the truth. The words interlineated are proved to be in the handwriting of the sheriff by several witnesses. The attempt to discredit or impeach the veracity of the sheriff was also an utter failure.

The clerk's cost bill showed that two copies of the petition and citation were made out in the case.

We know of no law forbidding the sheriff from correcting his return, when he discovers the error before it is filed in the case. It was his sworn duty to make his return conform to the truth ; and he would have been derelict to it if he had filed an incorrect return after the error had been called to his notice by the counsel for Mrs. Gayarre.

J. C. Garbet, to whom the copies of the citation and petition were delivered, was the overseer of Riccard and his mother, and lived on the plantation in a house very near the residence of his employers, who were absent at the time the sheriff called to serve the citation. Woods, the sheriff, testifies that Dr. Lambremont was with him at the time he made the service at domicile; that "witness went into the house and found no one at home; was going back on the plantation to find the overseer, when Dr. Lambremont pointed him out to witness coming up the plantation road told witness the overseer's name, and witness went up and made the service after he had got out of the gate on the public road."

Now, whether the papers were delivered to Garbet at the gate on the public road, or in the dwelling occupied by his employers, under the facts of this case, is of no consequence. The sheriff had gone into the house to make the service, but finding "no one at home," was about going out on the plantation to make the service upon the overseer, when the latter came up the "plantation road" in front of the house, and there the service was made.

It would have been a mere idle ceremony to have required the overseer to enter the house in order to deliver to him the papers which were designed for his employers. If he had been requested to do so, and had refused, the sheriff would not have been able to make the service, under the theory of the plaintiffs, notwithstanding the overseer was then immediately in front of the dwelling. This would be sacrificing the obvious meaning of the law, solely to adhere to its letter. Nor is it of any consequence that it has been proved that the overseer did not actually dwell in the same house with his employers, but in another on the premises near by, about one acre distant. The plantation was the domicile of the defendants; and the overseer living in a cabin near the dwelling of his employers, was, in contemplation of law, living at their domicile. Under the theory of the plaintiffs it would have been impossible to make a service at domicile on Riccard and his mother, because, per chance, no one else actually lived under the same roof, although the surrounding cabins on the premises might be filled with persons upon whom service could be made. Such a construction would defeat the purpose of the law and put it in the power of a designing debtor to deprive his creditors of one of the lawful modes of summoning him into court. That construction must be avoided which defeats the obvious meaning of the law and paralyzes its salutary operation.

In the case of the succession of Williams (10 An. 224), this court said: "The regularity of this judgment, or tacit issue, is contested on the ground of the insufficiency of the service of the citation and petition, which was made during Williams' absence, on his overseer,

*at his plantation.* It was objected that it does not appear to have been made at the house of Williams in the manner prescribed by articles 189 and 201 of the Code of Practice. According to the interpretation of those articles in the case of Maxwell vs. Collier, 6 R. 86, we must consider the service as sufficient." See also Bird vs. Cain, 6 An. 248.

The sheriff's return conforms to the truth, and is sufficient in its recitals for a valid service at domicile. The parties for whom the citations were delivered to the overseer, Riccard and his mother, are made parties to this suit by the plaintiffs, and in their answer they admit that they "were served with the citations."

Let the judgment appealed from be annulled, and let plaintiffs' demand be rejected with costs of both courts.

Rehearing refused.